Troutman Pepper Hamilton Sanders LLP
301 Carnegie Center, Suite 400
Princeton, NJ 08540

**troutman**
**pepper**

www.troutman.com

Angelo A. Stio III
Partner
D: 609.951.4125
angelo.stio@troutman.com
Admitted in: New Jersey, New York, Pennsylvania

June 19, 2024

**VIA FEDEX**

Honorable Harvey Bartle III, U.S.D.J.
United States District Court for the
  Eastern District of Pennsylvania
16614 U.S. Courthouse
601 Market Street
Philadelphia, Pennsylvania 19106

Re:   **DANIEL'S LAW CASES – SUBJECT MATTER JURISDICTION**

Dear Judge Bartle:

    We write pursuant to the Court's June 3 and June 13, 2024 Orders requiring counsel to meet and confer on Plaintiffs' production of a privilege log. Plaintiffs' counsel and Troutman Pepper agree on a majority of the terms of a protocol for a privilege log. The terms agreed to by Plaintiffs' counsel and Troutman Pepper are set forth below.

- Plaintiffs' counsel will search for the categories of documents identified in paragraph 1 of the Court's June 3, 2024 (the "Production Order");

- There likely are no privileged documents for the following categories of documents in paragraph 1 (a), (b), (c) and (e) of the Production Order. Plaintiffs' counsel, however, will identify any privileged materials, if they exist.

- Categories (d), (f) and (g) of paragraph 1 of the Production Order include "communications" or "documents" respectively, and therefore there may be privileged materials responsive to these categories. Any documents responsive to these categories that are being withheld from production on the basis of privilege will be placed on a privilege log or discussed with counsel as set forth below.

- Plaintiffs' counsel will advise Troutman of the number of responsive documents, if any, that are being withheld from production on the basis of privilege with regard to each category identified in paragraph 1 of the Production Order. Identification of such records

Troutman Pepper Hamilton Sanders LLP, a Georgia limited liability partnership
 Delia C. Donahue, Partner-in-Charge, Princeton Office



Honorable Harvey Bartle III, U.S.D.J.
June 19, 2024
Page 2

will be transmitted through a privilege log or, if Plaintiffs' counsel believes the volume of privileged documents is overburdensome, they will advise of the number of documents over which a privilege is being asserted and counsel will meet and confer to see if they can agree upon a manner by which to identify such documents. If a resolution cannot be achieved, the parties will advise the Court and request a ruling.

The only protocol term the parties cannot agree upon relates to communications and documents between Atlas and its counsel created after January 1, 2024.

### **Plaintiffs' Position**

Plaintiffs' position is that they should not have to search for, collect, review and disclose on a privilege log any communications between Atlas and any legal counsel of Atlas after January 1, 2024, as such a search may yield a high volume of emails or other draft documents related to the filing of 143 separate lawsuits, but would have no relevance to the subject matter jurisdiction issues currently before the Court. For example, such a search would require a collection and review of records with attorneys who had sought conflict waivers from Atlas to be able to represent defendants in these actions (some of whom proceeded without obtaining a waiver), or attorneys who Atlas considered engaging. Defendants' request that Plaintiffs identify such counsel is illogical and invades the sanctity of the attorney-client relationship, because Defendants have not explained why the names of lawyers with whom Atlas has attorney-client communications immediately preceding the filing of the lawsuits would be related to subject matter jurisdiction discovery. While Atlas doubts there are any responsive communications related to subject matter jurisdiction or the citizenship of defendants in these records, having to collect, review and log same would be a significant undertaking that is disproportionate to the limited discovery at issue here. Accordingly, Plaintiffs' proposed language limiting the overbroad privileged record search proposed by Defendants is set forth below.

### **Troutman Pepper's Position**

Troutman Pepper agrees that Plaintiffs do not need to search for or log documents and communications between Atlas and Genova Burns/PEM Law, Boies Schiller Flexner LLP or Morgan & Morgan created after January 1, 2024. However, Troutman Pepper cannot agree to this blanket exclusion for law firms that Plaintiffs refuse to identify. Troutman Pepper believes that if there are documents responsive to the limited subject matter jurisdiction categories identified in the Production Order that are created by or sent to unidentified law firms that Plaintiffs claim are privileged, the documents can be logged on a privilege log, or if they are voluminous, the parties can meet and confer as provided for under the agreed upon protocol terms outlined above. This protocol requirement for a meet and confer disposes of Plaintiffs' claim that that they should not have to log communications with attorneys who sought a conflict waiver or attorneys who Atlas considered engaging. If the searches yield a high volume of documents related to requests for

Honorable Harvey Bartle III, U.S.D.J.
June 19, 2024
Page 3



conflict waivers and legal engagements – which is remote at best given the targeted scope of the categories in the Production Order – the parties can meet and confer to resolve the issue. Troutman Pepper believes Atlas should simply identify the law firms they wish to exclude from the searches so that there is transparency as to what is being searched for and what is being excluded. In light of the foregoing, Troutman Pepper requests that the Court adopt its proposed language.

Set forth below for the Court's consideration is Plaintiffs' proposed language and Troutman Pepper's proposed language on the remaining issue with regard to the privilege log protocol with differences in italics.

**Plaintiffs' proposed language:**

Notwithstanding the foregoing, the parties agree that Atlas will not need to search for or identify on a privilege log any responsive privileged communications *between a named Plaintiff and legal counsel for Atlas from January 1, 2024 forward.*

`

**Troutman Pepper's proposed language:**

Notwithstanding the foregoing, the parties agree that Atlas will not need to search for or identify on a privilege log any responsive privileged communications *from January 1, 2024 forward between a named Plaintiff and the following legal counsel for Atlas: PEM Law, Genova Burns, Boies Schiller Flexner LLP, or Morgan & Morgan.*

The parties respectfully request that the Court enter an order with respect to this dispute. Should the Court wish to have a conference call with counsel to address this remaining issue, we will make ourselves available at the Court's convenience.

Thank you for your consideration of this request.

Respectfully,

Angelo A. Stio III

cc: Rajiv Parikh, Esq.
Adam Shaw, Esq.
John Yanchunis, Esq.

Honorable Harvey Bartle III, U.S.D.J.
June 19, 2024
Page 4



Ryan McGee, Esq.
Mark C. Mao, Esq.
James Lee, Esq.

**SO ORDERED:**

_____
**Hon. Harvey Bartle III**